UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                              CASE NO. 8:25-cr-182-SDM-AAS

NAJAIE SLATER

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its representative, the undersigned Assistant United States Attorney, submits this sentencing memorandum.

## BACKGROUND

On April 22, 2025, a federal grand jury returned a three-count indictment charging the Defendant with conspiracy to straw purchase a firearm, straw purchasing a firearm, and false statement during the purchase of a firearm. Dkt. 1.

On February 4, 2026, Defendant pleaded guilty to all three counts. *See* Dkt. 56.

## FACTS

In late May 2024, Najaie Slater used a single credit card to purchase at least eight firearms from a single Federal Firearms Licensee (FFL). Seven of the firearms were purchased in her own name, while one she purchased for a co-conspirator in the name of the co-conspirator's girlfriend.

The firearm purchased for the co-conspirator was a Glock G19 Gen 5 FS, 9mm pistol. On May 24, 2024, Slater and the co-conspirator texted about what type

of firearm the co-conspirator wanted. Slater instructed the co-conspirator to put the firearm in the online cart, and the co-conspirator provided Slater a user name and password for the co-conspirator's girlfriend. Slater than logged into the account and completed the purchase for the co-conspirator. Over the next few days, Slater and the co-conspirator discussed the process for picking up the firearm. On June 4, 2024, the co-conspirator's girlfriend picked up the firearm from the FFL. The firearm was recovered from the co-conspirator in January 2025.  Slater admitted to law enforcement that she knew the co-conspirator was a convicted felon. The Glock firearm was manufactured in Austria.

On May 30, 2024, Slater picked up the other seven firearms she ordered from the FFL. As part of the transaction, Slater completed a form 4473 for the FFL that asked if she was the actual buyer of all the firearms listed on the form. She said yes. In fact, she was buying a Glock 19X for someone with whom she was texting.

### 18 U.S.C. § 3553(a) Factors

Counts One and Two are punishable by a maximum term of imprisonment of 15 years, while Count Three has a maximum term of five years.  All counts include a fine of not more than $250,000, a term of supervised release of not more than three years, and a special assessment of $100.

To arrive at an appropriate sentence, the district court must consider all of the applicable 18 U.S.C. § 3553(a) factors. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). That does not mean, however, that it must give all of the sentencing factors equal weight. Instead, the sentencing court "is permitted to attach 'great

2

weight' to one factor over others." *Id*. (*quoting Gall v. United States*, 552 U.S. 38, 57, 128 S.Ct. 586, 600, 169 L.Ed.2d 445 (2007)). The decision about how much weight to assign a particular sentencing factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation marks omitted).

The Government anticipates that the Defendant's total offense level will be 15. Defendant's criminal history level is a I. *See* Final PSR, ¶ 41.

The sentence imposed by the Court must be one that adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, protects the public from future crimes of the defendant, and provides adequate deterrence to criminal conduct. Here, for financial benefit, the defendant knowingly conspired to circumvent the laws designed to (1) keep firearms from convicted felons and (2) allow FFLs to maintain accurate records of who is purchasing particular firearms. The communications recovered from her phone demonstrated that she was knowledgeable about the process of purchasing firearms, including the ban on felons possessing guns and that the actual buyer must pick up the firearm. Slater was familiar with the background check system and what identification information others would need to provide her so she could purchase a firearm for them. She also knew how to protect herself by reporting firearms as stolen in case the ultimate user committed a crime with the firearm.

In light of the Defendant's deliberate conduct in this case, and in order to promote respect for the law, provide a just punishment, and adequately deter similar behavior, the United States recommends a guideline sentence of 18 months.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   /s/ Michael R. Kenneth
      Michael R. Kenneth
      Assistant United States Attorney
      Florida Bar No. 44341
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone: 813-274-6000
      Facsimile: 813-274 6103
      E-Mail: Michael.Kenneth@usdoj.gov

4

5

**U.S. v. Najaie Slater**                    **Case No.  8:25-cr-182-SDM-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties of record.

/s/ *Michael R. Kenneth*
Michael R. Kenneth
Assistant United States Attorney
Florida Bar No. 44341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274 6103
E-Mail: Michael.Kenneth@usdoj.gov